■ In the Matter of the Claim of Erna F. Monahan, on Behalf of Herself and Minor Children, Respondent, against Remington Rand, Inc., Appellant. Workmen's Compensation Board, Respondent.— Appeal by a

self-insured employer from a decision and award of the Workmen's Compensation Board which granted death benefits to the widow of a deceased employee. The issue on appeal is whether the board could find on the evidence before it that decedent's death occurred as the result of an accident arising out of and in the course of his employment. The employer is engaged in the business of manufacturing, selling and servicing business machines, and decedent was employed as a service and maintenance man at Albany, New York. There seems to be no dispute that decedent was an outside worker prior to the time he was sent to Chicago for temporary work there during the course of a strike. Despite the fact that he had been temporarily transferred he was regarded as still being assigned to return to the Albany office. On November 23, 1950 he returned from Chicago to Albany for the Thanksgiving weekend. On the following evening he telephoned to the Albany office, as was his custom, and was informed that a multiplier machine had broken down and was in need of immediate repair. He volunteered his services to fix the machine and worked all the next day on this work with another employee. After finishing the work around 6 o'clock in the afternoon he took his car and proceeded to his home, stopping on the way to pick up a repaired television set. When on the route he would customarily use to go to his home a falling tree fell on his car and killed him. On the foregoing facts the board has found that decedent was an outside worker at the time of his accidental death and that the accident arose out of and in the course of his employment. We think that such decision was justified on the basis of the evidence. The work which decedent did on the day in question was clearly for the benefit of the employer and the latter accepted and paid for this work. The board was not obliged to adopt the narrow view, contended for by appellants that decedent stepped out of character and became an inside worker on the day of his death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.